ORIGINAL

# In the United States Court of Federal Claims

No. 15-1453 C
(Filed June 22, 2016)
NOT FOR PUBLICATION

**FILED**

JUN 2 2 2016

U.S. COURT OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| STEVEN T. CORBIN, | ) | |
| Plaintiff, | ) | Jurisdiction;   Dismissal;   Federal |
| v. | ) | Personnel Action. |
| | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, Steven T. Corbin, served as an accountant (GS-13) in the Management Division of the United States Department of Justice ("JMD") until he submitted his resignation on January 6, 2015. *See* Doc. 1 at 10-11. After his resignation had been processed by JMD, Mr. Corbin attempted to return to his former workplace, but was denied access. *See id.* at 11. In April of 2015, Mr. Corbin contacted the Department of Justice ("DOJ") Equal Employment Opportunity Staff ("EEO") and, after requisite proceedings were completed, on May 22, 2015, received a Notice of Right to File a Formal Complaint of Discrimination. *See id.* at 10. A formal complaint was filed on June 3, 2015. *See id.* at 8, 14. By letter to Mr. Corbin, dated August 4, 2015, JMD denied Mr. Corbin's formal complaint "because you failed to contact an EEO Counselor in a timely manner and you failed to state a claim." *Id.* at 14-17. By letter, dated September 1, 2015, to Mr. Corbin, JMD clarified that he could appeal JMD's decision to the Merit Systems Protection Board ("MSPB") and if dissatisfied with the MSPB's final decision may file a petition with the U. S. Equal Employment Opportunity Commission or, under certain circumstances, file a civil action in the appropriate United States District Court. *See id.* at 18-20.

On April 23, 2015, Mr. Corbin filed a complaint in the Circuit Court for Montgomery County, Maryland which was removed to the United States District Court for the District of Maryland (Civil Action No. RWT-15-2118). On November 6, 2015, the District Court issued a Memorandum Opinion and Order dismissing plaintiff's complaint under FRCP 12(b)(6) and also denying motions for temporary injunction that plaintiff had filed. *See* Doc. 6-1 at 32-35. Plaintiff's complaint

named Lee J. Loftus, the Assistant Attorney General for Administration, the "JMO Finance Staff" at the Department of Justice, and Tilton and Bernstein Management as defendants. *See id.* The district court in its November 6, 2015 Order concluded that "[t]he facts pleaded in the Complaint, therefore, do not fairly apprise Defendants of what is being claimed and are insufficient to survive a motion to dismiss." *Id.* at 34.

With respect to his January 2015 resignation from his DOJ employment, on July 27, 2015, Mr. Corbin filed an appeal with the MSPB alleging that DOJ had discriminated against him on the basis of his prior military service and forced him to resign in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). *See* 38 U.S.C. § 4301 *et seq. See also Corbin v. Dep't of Justice*, No. DC-4324-15-1023-I-1 (M.S.P.B. Oct. 27, 2015). The MSPB hearing covered the circumstances of Mr. Corbin's resignation from DOJ, determined that Mr. Corbin's claims were not supported by any corroborating evidence, and that he failed to establish that DOJ had violated his USERRA rights. *See Corbin*, No. DC-4324-15-1023-I-1. Pursuant to 28 U.S.C. § 1295(a)(9), Mr. Corbin appealed the MSPB decision to the United States Court of Appeals for the Federal Circuit and on June 9, 2016, that court affirmed the MSPB decision noting that the testimony of DOJ witnesses "clearly refutes Mr. Corbin's claim of discrimination and mistreatment by the Agency." *Corbin v. Dep't of Justice*, 2016 WL 3194761 at 2 (Fed. Cir. 2016).

On December 2, 2015, Mr. Corbin commenced the instant litigation in the Court of Federal Claims by filing a copy of a letter he addressed to: The U. S. Office of Government Ethics; Attorney General Loretta Lynch; and to the White House. The filing was treated as a complaint pursuant to the Rules of the United States Court of Federal Claims ("RCFC").

It is not clear from the text of the complaint exactly what relief plaintiff is seeking from this litigation. Defendant has filed a motion to dismiss the complaint asserting that the court lacks subject matter jurisdiction over any matter addressed in the document.

From the text of the complaint, it does appear that plaintiff believes he was forced to resign from his DOJ employment. If plaintiff is attempting in his complaint to contest the viability of his resignation, the Court of Federal Claims does not possess jurisdiction to resolve the matter. Jurisdiction to resolve such adverse personnel actions for civilian federal employees is placed in the MSPB. *See* 5 U.S.C. § 7512, 7513(d), 7701; *see also United States v. Fausto*, 484 U.S. 439, 443 (1988).

Mr. Corbin also pleads discrimination, but civil rights matters are assigned to the United States District Courts, not the Court of Federal Claims. *See Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005).

Mr. Corbin does reference the litigation he initiated in the Montgomery County Maryland Court, which was removed to the United States District Court in Maryland. However, the references in the complaint do not provide any additional details such as would be needed to survive a motion to dismiss. Plaintiff does not plead any factual context that would allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (1955).

To the extent plaintiff's complaint seeks to have this court review the rulings of other federal tribunals, the Court of Federal Claims lacks jurisdiction for this purpose. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

In this litigation, plaintiff has not pleaded any matter within the jurisdiction afforded to the Court of Federal Claims to resolve. To the extent it can be determined that plaintiff's claims involve matters within the jurisdiction of United States District Courts or the United States Court of Appeals for the Federal Circuit, plaintiff has already demonstrated an ability to so file, such that it would not be in the interests of justice to attempt a transfer of any particular aspect of this matter pursuant to 28 U.S.C. § 1631.

Accordingly, it is **ORDERED**:

(1) Defendant's Motion to Dismiss, Doc. 6, is **GRANTED**;

(2) The clerk's office shall enter judgment **DISMISSING** Plaintiff's Complaint, Doc. 1, in that no matter within the jurisdiction of the Court of Federal Claims to resolve is pleaded;

(3) Lacking jurisdiction, such that the only appropriate action is to dismiss the litigation, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), documents held by the clerk's office pending resolution of the question of the court's jurisdiction, pursuant to the Order, filed February 28, 2016, Doc. 9, may now be returned to the author unfiled;

(4) Plaintiff's Motion to Proceed *In Forma Pauperis*, Doc. 3, is **DENIED AS MOOT**; and

(5) All other pending motions, Docs. 7-8, are **DENIED AS MOOT.**

James F. Merow
Senior Judge